IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAIMES ENRIQUEZ,

                 Plaintiff,

v.                                                                    1:10-cv-2170-WSD

SIX UNKNOWN NAMES AGENTS,
or MR. PRESIDENT, BARACK
OBAMA

                 Defendants.

## OPINION AND ORDER

Plaintiff Jaimes Enriquez, who is now listed as being incarcerated at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, filed this action as a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). This is the tenth action Plaintiff has filed in this Court, with essentially the same complaint.[1] The matter is before the Court for a frivolity determination.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action either:

---

[1] The Court dismissed Plaintiff's most-recent action on what appears to be the same complaint on March 31, 2009. See Enriquez v. Six Unknown Agents, Civil Action No. 1:09-cv-0843-WSD (N.D. Ga. 2009). Plaintiff previously listed his return address as being the Federal Correctional Institution in Milan, New Mexico.

"(1) is frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Dismissal of a complaint for failure to state a claim is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 1974  (2007).

Plaintiff seeks to sue six unknown federal agents or "Mr. President." (Compl. at 1.)  Plaintiff apparently seeks to bring the action on behalf of a class of federal prisoners.  (Id., Attachment.)  In the section of his Complaint entitled "Statement Claim," Plaintiff provides an unintelligible list of causes of action and writs ranging from claimed constitutional violations to the "citizenship card with

families of each persons . . . ." (Id. at 1.) Plaintiff then seeks the following nonsensical relief:

> The writ of attachment and garnishment, the writ of compensatory and punitive damages, the sum of amount is ten millions [sic] dollars by the whole ownership, or a fee simple absolute transfer to all of each by share, injunction, order, the writ of mandamus, order to immediately full pay by cash, taxpayer, within taxable year, at any time within a year, without expence [sic] all of each, the donate [sic] to American Red Cross for the amount is one hundred dollars, treble damages, no unlawful price discrimination, lawfulness, transfer deposit, no delay, by a write of order, writ of execution by jury of receipt.

(Id.)

In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Rather, a court may dismiss an action "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton, 504 U.S. at 32-33 (citations omitted). Therefore, "a finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Plaintiff's complaint is again completely incoherent.  Plaintiff fails to identify the name of any particular defendant.  Plaintiff lists a confusing array of causes of action and writs without providing any discernible supporting allegations.  The relief Plaintiff seeks in support of his claims is incomprehensible.  Because Plaintiff's assertions are "fanciful," "irrational," and "wholly incredible," this action is subject to dismissal.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this 16th day of July, 2010.

                                                      _____
                                                      WILLIAM S. DUFFEY, JR.
                                                      UNITED STATES DISTRICT JUDGE